Labauve, J.
The plaintiffs claim of the defendant the possession of household furniture, or the value thereof, $1,000. On bringing the suit, the furniture was sequestered. .
The defendant answered by pleading a general denial.
Judgment was rendered below in favor of the defendant, and the plaintiffs took this appeal.
On the trial of the case below, defendant offered a witness to prove that a portion, of the property in dispute belonged to him; the plaintiffs objected, on the ground that, under the general issue, such proof could not be received; the Court sustained the objection, and a bill was reserved. The Court did not err. The rule is well settled that a party cannot prove what he has not alleged. The case of Well v. St. Dizier, 9 A. 120, is exactly in point.
The defendant then moved to amend his answer so as to claim the ownership of a portion of the property; the motion was refused, and the ruling of the Court excepted to. The Court, did not err. The case was on trial, and the bill of exceptions shows that testimony had already been received, and- plaintiffs were presumed not to be prepared to meet this new defence; the motion was too late.
The testimony, which is very voluminous, shows that the furniture was in possession of plantiff, Virginia H. Draper, as owner, for many years, and that such furniture was worth $1,000.
The defendant offered in evidence the mortuary proceedings in the succession of Charles Myers, opened in 1853. The plaintiff objected to the evidence, on the ground that it was irrelevant, and unauthorized by the pleadings. It was admitted, and a bill of exceptions taken; which we consider abandoned in this Court, our attention not having been called to it. That evidence is then before us, together with the following *307 admissions: That the plaintiff Virginia Draper was duly qualified administratrix of her deceased husband’s succession, and that she was the widow in community of said Charles Myers. Many articles of furniture found in the inventory of said succession answer the description of some of those claimed in the petition. ,
It was contended in argument, that all the objects claimed by the plaintiff, belong to said succession, and cannot be recovered in this suit, as plaintiff claims as owner. The evidence being received, and the admissions being made, although not authorized by the, pleadings, must have their effect. 11 M. 26; 12 M. 2I2;,6.N. S. 86; 1 L, 301;;18'L- 321; 9 A. 251. It is then clear that the plaintiff, Virginia Draper, is owner of one undivided half of said'furniture as belonging to the community which existed between her and her said deceased husband, and that as such, she has the right to recover against the defendant, who has no title, and is an usurper; she has also the same right as administratrix. A great majority of the witnesses proved the furniture to be worth $1,000; some proved it to be worth, a good deal under, but the defendant can relieve himself from the payment of the value, by delivering the articles.
We are therefore of opinion, that plaintiff, Virginia Draper, has made out her case, and that the judgment appealed from is erroneous.
It is therefore ordered and decreed that the judgment of the District Court, be annulled and reversed. It is further ordered and decreed that the articles of furniture described and claimed by said plaintiff, be restored and delivered by said defendant to said plaintiff, and that in default thereof, the said Angustus Richards pay to said plaintiff, 'be sum of one thousand dollars, with legal interest from his failure to do so, and costs in both courts.